UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

DAVID BUSHEY,

Plaintiff,

v.

CONNIE ROHERICH [sic], DR. KLUGE, JAMES ZAWAKI, JASON MATH, JAN HANLON, JUDY ELLERBUSCH, NANCY WESLEY, and MARK CERVINA,

Defendants.

Civil No. 01-1557 (MJD/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, a former prisoner of the State of Minnesota,[1] brought this action under 42 U.S.C. § 1983, claiming that Defendants have violated his rights under the Eighth Amendment to the United States Constitution. Defendants have filed motions for summary judgment pursuant to Fed. R. Civ. P. 56, and they have supported their motions with various memoranda, affidavits and exhibits. (Docket Nos. 13-17; 22-28.) Plaintiff was ordered to file a response to Defendants' summary judgment motions by no later than January 31, 2003, (Order dated January 7, 2003; [Docket No. 29]), but no such response has been filed. In fact, Plaintiff has not communicated with the Court at all since September 2001.

This matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it will be recommended that Defendants' summary judgment motions be granted, and that this action be DISMISSED WITH PREJUDICE.

[1] Plaintiff was in prison when he commenced this action in August 2001, but he was released from custody soon thereafter.

JUL - 3 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTUAL BACKGROUND

All of the events on which Plaintiff's claims are based occurred while he was incarcerated at the Minnesota Correctional Facility at Faribault, Minnesota, ("MCF-FRB"). Upon arriving at MCF-FRB in April 2001, Plaintiff was assigned to a job in a prison industries workshop. One of the responsibilities of his job was cleaning a spray booth that was used for spraying finishes onto products made in the shop. Plaintiff was issued a respirator to use while he was cleaning the spray booth.

Plaintiff began his job cleaning the spray booth on May 10, 2001. During his first several days on the job, Plaintiff complained of chest discomfort, which he attributed to exposure to chemicals used in the spray booth. He was examined by a nurse who looked at his throat, and then sent him back to work.

On May 17, 2001, Plaintiff discovered that a part was missing from the respirator that had been issued to him. Plaintiff told a member of the workshop staff about the missing part, and the respirator was taken out of service for repairs. Plaintiff was given a throat culture that day, which showed only that he did not have strep throat. The nurse practitioner who examined Plaintiff told him that his throat was red, and speculated that it could be sore from talking too much. As far as the Court can tell, Plaintiff did not return to his spray booth cleaning job after May 17, 2001.

Over the course of the next few months, Plaintiff repeatedly complained about having a sore throat, chest pain and shortness of breath. He was seen by prison medical personnel on approximately thirty occasions during that period. The doctors and nurses listened to his lungs repeatedly, but they never found anything wrong. Blood tests were administered and chest x-rays were taken (at least twice), but every diagnostic procedure

turned out "normal."[2]

One of the doctors who examined Plaintiff on several occasions, Dr. John Kluge, has filed an affidavit in which he states: "At no point in time during my care and treatment of plaintiff did I identify medical evidence or symptoms suggesting that plaintiff suffered from a respiratory or pulmonary disorder which required medical treatment." (Affidavit of John Kluge, M.D., [Docket No. 15], p. 1, ¶ 2.)

During the period when Plaintiff was complaining about his throat and chest, he was also being treated for a bipolar disorder. Several drugs were prescribed for his psychiatric condition, including Depakene, Zoloft and Trazadone. Plaintiff's psychiatrist, Dr. Darrell Shafer, suggested that Plaintiff complaints of chest discomfort were psychosomatic -- or in the doctor's words, "symptoms of somatization disorder." (Affidavit of Carolin J. Nearing, [Docket No. 17], Exhibit F.)

In August 2001, Plaintiff filed his present lawsuit. He is attempting to sue Dr. Kluge, and several of the nurses and nurse practitioners who provided his medical care while he was at MCF-FRB. He also is attempting to sue the Warden at MCF-FRB, Connie Roehrich, and several other prison staff members who worked with the prison industries program. Plaintiff claims that Defendants violated his Eighth Amendment rights by (a) not adequately protecting him from alleged health hazards associated with his spray booth cleaning job, and (b) not providing him with adequate medical care for his alleged job-related health problems. He also is seeking relief based on a state common-law negligence theory.

---

[2] Copies of Plaintiff's prison medical records are attached to the affidavit of Jan Hanlon, the Health Service Administrator at MCF-FRB. (Docket No. 24.)

Plaintiff is asking for an injunction that would compel Defendants to provide certain further medical treatment.[3] He also is asking for compensatory damages in the total sum of $700,000, and punitive damages in the total sum of $1,350,000.

## II. STANDARD OF REVIEW

In considering a motion for summary judgment, the Court is to determine whether there are any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). When there is no reasonable construction of the facts that would allow the nonmoving party to prevail, the remedy of summary judgment is appropriate. Matsushita, 475 U.S. at 587-88. The role of the court is not to weigh the evidence, but to determine whether, as a matter of law, a genuine factual conflict exists. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). In making this determination, the court is required to view the evidence in the light most favorable to the nonmoving party and to give that party the benefit of all reasonable inferences that can be drawn from the evidence. Id.

If a motion for summary judgment is properly made pursuant to Rule 56(c) with affidavits or other evidence, the nonmoving party must set forth specific facts, by affidavits or otherwise, showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324; Lomar Wholesale Grocery, Inc. v. Dieter's Gourmet Foods, Inc., 824 F.2d 582, 585 (8th Cir. 1987), cert. denied, 484 U.S. 1010 (1988). The nonmoving party may not merely rest upon

[3] This claim is clearly moot, as Plaintiff is no longer in state custody. See Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (§ 1983 claims for injunctive relief based on prison conditions are rendered moot by inmate-plaintiff's release from prison).

the allegations or denials in his pleadings. Id.

The Court is mindful that pro se pleadings should be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); White v. Bond, 720 F.2d 1002, 1003 (8th Cir. 1983). Therefore, pro se pleadings are held to less stringent standards when challenged by motions to dismiss or for summary judgment. Haines, 404 U.S. at 520; Horsey v. Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Nonetheless, a pro se plaintiff's claim cannot survive a motion for summary judgment unless, in some form, he can fairly be said to have set forth specific facts demonstrating that there is a genuine issue for trial. Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020, 1023, (8th Cir.), cert. denied, 469 U.S. 841 (1984).

## III. DISCUSSION

### A. Eighth Amendment Claim For Failure To Protect Against Workplace Hazards

Our Court of Appeals has recognized that "prison working conditions are subject to scrutiny under the Eighth Amendment." Stephens v. Johnson, 83 F.3d 198, 200 (8th Cir. 1996). To substantiate an Eighth Amendment claim based on unsafe working conditions, a prisoner must demonstrate (1) "that the conditions challenged were 'objectively, sufficiently serious,'" and (2) that the defendant prison official(s) "acted with a 'sufficiently culpable state of mind.'" Id., quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994), and Wilson v. Seiter, 501 U.S. 294, 297, 298 (1991). "In cases challenging prison conditions," the Plaintiff must show that the defendants' "'state of mind [was] one of deliberate indifference to inmate health or safety." Stephens, 83 F.3d at 200, quoting Farmer, 511 U.S. at 834, and Wilson, 501 U.S. at 302-03.

Thus, a prisoner alleging unconstitutional working conditions must show that prison officials were aware of a serious risk of harm and that they were deliberately indifferent to that risk. The prisoner cannot prevail merely by showing that prison officials were negligent; i.e., that they knew or should have known about a risk of harm and failed to take reasonable steps to eliminate that risk. Stephens, 83 F.3d at 200 ("[i]n the workplace safety context,... mere negligence or inadvertence is insufficient to constitute deliberate indifference"). For example, "simply failing to provide inmates who move furniture, with steel-toed boots, protective eyewear, and hard hats,... does not establish a constitutional violation...." Id. at 201. See also, Bibbs v. Armontrout, 943 F.2d 26 (8th Cir. 1991), (failure to equip prison machinery with safety guards does not give rise to an actionable Eighth Amendment claim), cert. denied, 502 U.S. 1110 (1992).

Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. "[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845.

In the instant case, Plaintiff contends that Defendants exposed him to a dangerous working environment, by assigning him to clean the spray booth without providing him adequate protection from hazardous chemicals. Although Plaintiff has alleged that Defendants acted with deliberate indifference, those allegations are merely conclusory. Plaintiff has not identified any evidence that would prove his bare allegations of deliberate indifference. Moreover, the record shows that Defendants did take reasonable precautions to protect Plaintiff from possible workplace injuries.

Defendants have presented evidence showing that the spray booth was inspected by OSHA officials on the same day that Plaintiff started working in the booth. According to Mike Sveen, the Industry Director at MCF-FRB:

> "On May 10, 2001, OSHA visited the wood shop at MCF-FRB and conducted air samples of the spray finishing process. I escorted the OSHA officials during their time in the wood shop and while they were conducting the air sampling of the spray finishing process. Those samples indicated that the ventilation system and the spray finishing process were within allowable standards. The results of all chemicals were within the allowable standards. MCF-FRB was not cited with having toxic levels of any chemicals."

(Affidavit of Mike Sveen, [Docket No. 26], pp.2-3, ¶ 5.) Sveen's affidavit clearly indicates that MCF-FRB took reasonable precautions to ensure that prisoners were not exposed to hazardous conditions while working in the finishing spray booth area.

The record also shows that prisoners who worked in the spray finishing booth were given protective masks or respirators. This further demonstrates that prison officials at MCF-FRB were concerned about the safety of prison workers, and took specific steps to protect them. Plaintiff acknowledges that he was given such protective equipment for his own use while he was working in the spray booth

Plaintiff claims that his respirator was defective, because a piece of it was missing, but he certainly cannot base an Eighth Amendment claim on that allegation alone. Plaintiff has cited no evidence that would prove, (or even imply), that any of the named Defendants knew that his respirator was missing a piece. Thus, there is no reason to believe that any Defendant was "deliberately indifferent" to the hazards allegedly posed by the particular respirator that Plaintiff was using.

Our Court of Appeals has repeatedly rejected prisoner Eighth Amendment claims based on unsafe work conditions where the prisoner has been unable to establish that the

defendants had a sufficiently culpable state of mind. Stephens, supra; Bibbs, supra; Warren v. State of Missouri, 995 F.2d 130 (8th Cir. 1993). See also Bagola v. Kindt, 131 F.3d 632, 646-48 (7th Cir. 1997) (rejecting prisoner's civil rights claim based on unsafe working conditions, where the evidence introduced on summary judgment showed that prison officials "acted reasonably in attempting to prevent accidents"). In at least two prisoner Eighth Amendment cases stemming from work related injuries, Stephens, supra and Prater v. Dahm, 89 F.3d 538 (8th Cir. 1996), the Eighth Circuit Court of Appeals reversed the trial courts' decisions in favor of the prisoner-plaintiffs. In both of those cases, the Court of Appeals found that judgment should have been entered in favor of the prison officials, because the prisoner-plaintiffs had not adequately shown that the prison officials had acted unreasonably.

Based on the evidence of record here, the Court concludes that no reasonable juror could find that any of the named Defendants was deliberately indifferent to a substantial threat to Plaintiff's health or safety. Again, Plaintiff has not offered any evidence that would allow a jury to find that any of the Defendants had the "culpable state of mind" that is required to prove an Eighth Amendment claim. His conclusory assertions alone are not sufficient to withstand a motion for summary judgment. Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999); Miller v. Solem, 728 F.2d 1020, 1026 (8th Cir.), cert. denied, 469 U.S. 841 (1984). Thus, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim based on his alleged exposure to unsafe working conditions.

B. Eighth Amendment Claim For Inadequate Medical Care

"It has long been established that prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment when the officials are deliberately indifferent to the prisoner's serious medical needs." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995), citing Estelle v. Gamble, 429 U.S. at 104. "A prison official exhibits deliberate indifference when the official actually 'knows of and disregards' a prisoner's serious medical needs." Boyd, supra, quoting Farmer, 511 U.S. at 837.

> "An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component.... The plaintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."

Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). See also Mays v. Rhodes, 255 F.3d 644, 649 (8th Cir. 2001) ("[d]eliberate indifference requires proof that [the prisoner-plaintiff] suffered objectively serious medical needs and that the [defendants] actually knew of these needs but deliberately disregarded them").

A prisoner cannot survive a summary judgment motion just by showing that he disagrees with his doctor's treatment. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) ("'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation'"), quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995); see also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's Eighth Amendment claims were properly dismissed on summary judgment because they were based on "nothing more than mere disagreement with the course of his medical treatment").

As the Court of Appeals explained in Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996):

> "[N]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Prisoners do not have a constitutional right to any particular type of treatment. See id. at 327-28. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994); Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989)."

Applying these principles here, the Court finds that Plaintiff's current Eighth Amendment "medical needs" claim cannot survive summary judgment. Plaintiff has not offered any evidence showing that he actually had any serious medical need while he was incarcerated at MCF-FRB, nor has he offered any evidence showing that any Defendant was deliberately indifferent to any of his medical needs.

In fact, the record shows that the prison medical staff at MCF-FRB was fully attentive to Plaintiff's self-perceived need for medical care. He was examined on some thirty different occasions, he was given bloods tests, chest x-rays were taken, and medications were prescribed. Looking at the evidence of record, it is readily apparent that no reasonable factfinder could conclude that Defendants were deliberately indifferent to Plaintiff's medical needs.

At most, it appears that Plaintiff simply disagrees with Defendants' course of treatment. He thinks Defendants should have done something more. The record shows, however, that Defendants did everything they believed was necessary and appropriate to treat Plaintiff. While Plaintiff obviously disagrees with Defendants' treatment of his alleged chest pains and breathing difficulties, that is not enough to sustain an Eighth Amendment claim. Because Plaintiff has cited no evidence that could lead a reasonable factfinder to

conclude that any Defendant deliberately ignored his alleged need for additional medical care, the Court concludes that Defendants are entitled to summary judgment on Plaintiff's second Eighth Amendment claim.

C. Common Law Negligence Claim

Plaintiff also is attempting to maintain a claim based on a common law negligence theory. He apparently believes that he was exposed to hazardous chemicals in the spray booth, and he was issued a defective respirator, because some of the Defendants, (it is not clear which ones), failed to exercise due care. Defendants contend that Plaintiff's negligence claims are barred by Minn.Stat. § 3.738.[4] The Court agrees.

Minn.Stat. § 3.738 provides a statutory remedy for state prisoners who are injured while performing an assigned duty. An injured prisoner must present his claim to the state legislature, and the legislature must decide whether the prisoner is entitled to compensation for his injury. The remedy provided by § 3.738 is the exclusive state remedy available to state prisoners who are injured while working. Minn.Stat. § 3.738, subd. 3; Davis v. State

[4] This statute reads as follows:

"**Subdivision 1. Legislative authority.** Claims and demands arising out of injury to or death of... an inmate of a state correctional facility while performing assigned duties shall be presented to, heard, and determined by the legislature.

**Subdivision 2. Evaluation of claims.** Claims that are approved under this section shall be paid pursuant to legislative appropriation following evaluation of each claim by the appropriate committees of the senate and house of representatives. Compensation will not be paid for pain and suffering.

**Subdivision 3. Exclusive remedy.** The procedure established by this section is exclusive of all other legal, equitable and statutory remedies."

Dept. of Corrections, 500 N.W.2d 134, 135 (Minn.App. 1993), review denied, July 15, 1993. Therefore, Plaintiff cannot seek relief for his alleged work-related injuries in federal court (or in state court) based on negligence or any other common-law theory.[5]

## IV. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff cannot succeed on any of the claims he is attempting to maintain in this action. Defendants have presented ample evidence showing that (i) they took reasonable precautions to protect Plaintiff from workplace injuries, including the alleged injuries described in his complaint, and (ii) they did not act with deliberate indifference to any serious medical need. Plaintiff has offered no evidence that would allow a jury to reach a different conclusion. In addition, Plaintiff's state law negligence claims are barred by the exclusive remedy provision of Minn. Stat. § 3.738. Thus, the Court concludes that Defendants' motions for summary judgment should be granted, and that this action should be dismissed with prejudice.[6]

## V. RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Defendants' Motions For Summary Judgment, (Docket Nos. 13 and 22), be GRANTED; and

---

[5] Defendants' submissions show that Plaintiff previously sought relief under § 3.738, but his claim was denied. It therefore appears that he no longer has any available state remedy for his alleged injuries.

[6] Having determined that Plaintiff cannot sustain any of the substantive claims for relief presented in his complaint, there is no need to discuss qualified immunity, or any of the other defenses that Defendants have raised.

2. This action be DISMISSED WITH PREJUDICE.

Dated: July 3, 2003

FRANKLIN L. NOEL
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by 7-18-03, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.